IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JERMONE WALKER, #232 110            *

     Plaintiff,                            *

        v.                                  *            2:08-CV-430-TMH
                                              (WO)

LINDA NATHAN                          *

     Defendant.                           *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate confined at the Bullock Correctional Facility located in Union Springs, Alabama.  He files this 42 U.S.C. § 1983 action against Linda Nathan and requests that the court order her to pay him for time he has lost.  Upon review of the complaint, the court concludes that this case is due to be summarily dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

Plaintiff brings this § 1983 complaint against Defendant Nathan for unspecified violations of his constitutional rights which he claims occurred on February 23, 2003. According to the complaint,  Plaintiff asserts that there was no DNA test result and he does

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

not have a copy of the police report. (*Doc. No. 1 at 2*.)  While Plaintiff's complaint is vague and contains few facts, it is clear from the face of the complaint that Plaintiff's claims are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985).  Selection of a limitations period for  § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose.  *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  At the time Plaintiff filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years.  *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years.  *Ala. Code* § 6-2-38(l).

The allegedly unconstitutional actions about which Plaintiff complains occurred on February 23, 2003.  On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners.  *Ala. Code* § 6-2-8(a)

(1975, as amended).  The tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing.
Consequently, the applicable statute of limitations expired on the claims related to the events
about which Plaintiff complains on February 23, 2005. Plaintiff filed the instant complaint
on June 4, 2008.  This filing occurred ***after*** the applicable periods of limitation had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as
an affirmative defense.  The court notes, however, that in an action proceeding under  section
1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the
complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir.
1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an
affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is
allowed."  *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an
affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v.
State of Oregon*], 563 F. Supp. [1310] at 1330, 1332."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for
frivolousness or maliciousness even before service of process or before the filing of the
answer."  *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of ... defendants
the ... court must evaluate the merit of the claim *sua sponte*."  *Id*.

> An early determination of the merits of an IFP proceeding provides a
> significant benefit to courts (because it will allow them to use their scarce
> resources effectively and efficiently), to state officials (because it will free
> them from the burdens of frivolous and harassing litigation), and to prisoners
> (because courts will have the time, energy and inclination to give meritorious
> claims the attention they need and deserve).  "We must take advantage of
> every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179,

182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Given the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed with regard to those claims which occurred on or before February 23, 2003 as he filed this cause of action more than two years after the violations which form the basis of those claims accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Plaintiff's challenges to the actions of Defendant Nathan which occurred on or before February 23, 2003 are barred by the applicable statute of limitations. These claims are, therefore, subject to dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

Even assuming, *arguendo*, that the complaint is not subject to dismissal as time-barred, there is no indication that the named defendant, who resides in Montgomery, Alabama, is a state actor. An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Like the state action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73

4

L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).” *American Manufacturers*, 526 U.S. at 49-50.  Consequently, “state action requires **both** an alleged constitutional deprivation ‘caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,’ **and** that ‘the party charged with the deprivation must be a person who may fairly be said to be a state actor.’  *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).”  *Id.*

Based on a review of the instant complaint, there is no indication that Ms. Nathan is a state actor nor does the complaint allege that any actions taken by her can in any way be attributed to the State.  The court, therefore, concludes that Plaintiff’s complaint against Ms. Nathan is likewise frivolous on the alternative basis that she is a not a state actor and, thus, it is subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that  Plaintiff’s complaint be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before **June 23, 2008**.  The parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 10th day of June, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

6